**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

KARL PONGYINGPIS,
                Appellant,

        v.

DEPARTMENT OF DEFENSE,
                Agency.

DOCKET NUMBER
SF-1221-25-1424-W-1

DATE: July 31, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Karl Pongyingpis, San Diego, California, pro se.

Glenn Gray, Esquire, San Diego, California, for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for failure to prosecute. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant is employed as a Clinical Psychologist at the Defense Health Agency. Initial Appeal File (IAF), Tab 1 at 1. On May 30, 2025, he filed the instant IRA appeal with the Board, asserting that the agency suspended his clinical privileges and "ha[d] intent to revoke" them after he reported several issues with, among other things, the agency's new clinical practices and cyber security. *Id.* at 1, 18. In processing the appeal, the administrative judge issued a jurisdictional order, instructing the appellant to file a jurisdictional submission by June 12, 2025, the agency to file a response by June 23, 2025, and the appellant to file a reply to the agency's response by July 2, 2025. IAF, Tab 3 at 1. The appellant did not respond to that order and did not file either an initial jurisdictional submission or a reply submission. After seeking and obtaining an extension of time to file to which the appellant did not consent, the agency filed its jurisdictional response on June 27, 2025. IAF, Tabs 6-8.

On July 8, 2025, the administrative judge issued an order to show cause, ordering the appellant to explain no later than July 17, 2025, why he should not dismiss the appeal for failure to comply with Board orders. IAF, Tab 9. He also ordered the appellant to explain why he failed to respond to the jurisdictional

order, and advised that, if the appellant intended to continue with his appeal, he must respond to the jurisdictional order. *Id.* The appellant did not respond to the order to show cause.

In a July 18, 2025 initial decision, the administrative judge set forth the Board's authority to impose sanctions, and he explained that the appellant failed to respond to several orders and did not otherwise participate in the prosecution of his appeal. IAF, Tab 10, Initial Decision (ID) at 2-4. Accordingly, he dismissed the appeal for failure to prosecute. ID at 1, 4.

The appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. He states that he did not discover any of the orders from the administrative judge until, at the earliest, July 17, 2025, because the "automated emails [were] being unknowingly sent" to his email's junk/spam folder. *Id.* at 6. He also claims that, as a pro se appellant, he was confused and "did not fully understand [the] legal jargon" regarding jurisdiction. *Id.* at 7. He alleges that the agency acted in bad faith in not providing him with additional information on how to proceed with his appeal. *Id.* at 6-8. Finally, he states that he has been dealing with a personal family matter since June 13, 2025.[2] *Id.* at 8. The agency has responded to the appellant's petition for review. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board's regulations give administrative judges broad discretion in adjudicating appeals. *See* 5 C.F.R. § 1201.41. An administrative judge may impose the sanction of dismissal with prejudice if a party fails to prosecute or defend an appeal. *Leseman v. Department of the Army*, 122 M.S.P.R. 139, ¶ 6

---

[2] With the appellant's petition for review, he submits additional documentation, including his correspondence with the Office of Special Counsel and other related documentation regarding his underlying whistleblower reprisal claim, and his correspondence with the agency regarding the agency's efforts to obtain an extension of time to file a jurisdictional response. PFR File, Tab 1 at 9-55. We have reviewed these documents, and none are relevant to the question of whether the administrative judge abused his discretion in dismissing this appeal for failure to prosecute. As such, they do not provide a basis to disturb the initial decision.

(2015); *Chandler v. Department of the Navy*, 87 M.S.P.R. 369, ¶ 6 (2000); 5 C.F.R. § 1201.43(b). The imposition of such a severe sanction must be used only when necessary to serve the ends of justice, as when a party has failed to exercise basic due diligence in complying with an order, or has exhibited negligence or bad faith in his efforts to comply. *Chandler*, 87 M.S.P.R. 369, ¶ 6; *see Leseman*, 122 M.S.P.R. 139, ¶ 6. When an appellant's repeated failure to respond to multiple Board orders reflects a failure to exercise basic due diligence, the imposition of the sanction of dismissal for failure to prosecute has been found appropriate. *Turner v. U.S. Postal Service*, 123 M.S.P.R. 640, ¶ 16 (2016), *aff'd per curiam*, 681 F. App'x 934 (Fed. Cir. 2017); *Williams v. U.S. Postal Service*, 116 M.S.P.R. 377, ¶ 9 (2011); *Heckman v. Department of the Interior*, 106 M.S.P.R. 210, ¶ 16 (2007). Absent a showing of abuse of discretion, the Board will not reverse an administrative judge's determination regarding the imposition of sanctions, including the sanction of dismissal with prejudice. *See Holland v. Department of Labor*, 108 M.S.P.R. 599, ¶ 9 (2008).

Here, the administrative judge did not abuse his discretion in imposing the sanction of dismissal for the appellant's failure to prosecute his appeal. The appellant does not dispute, and the record supports, the administrative judge's findings that the appellant filed no submissions furthering the adjudication of his appeal after filing his initial appeal, and that he failed to comply with at least two Board orders, including an order explaining that dismissal for failure to prosecute would result if he did not establish good cause for failing to respond to the orders. The Board has affirmed the dismissal of an appeal for failure to prosecute under similar circumstances. *Benton v. Department of the Interior*, 47 M.S.P.R. 200, 203 (1991) (finding no error in the administrative judge's dismissal for failure to prosecute when the appellant repeatedly failed to comply with Board orders despite being placed on notice that his appeal might be dismissed on the continuing failure to comply with orders).

The appellant's argument on review that he did not receive the administrative judge's orders because they went to his junk/spam folder in his email does not persuade us that the administrative judge abused his discretion in dismissing this appeal. As an e-filer, the appellant is deemed to have received the administrative judge's orders on the date of the electronic submission, pursuant to 5 C.F.R. § 1201.14(*l*)(2). Additionally, as an e-filer, the appellant is responsible for monitoring his case activity at e-Appeal's online repository to ensure that he has received all the case-related documents. *See* 5 C.F.R. § 1201.14(i)(3). E-filers are also responsible for ensuring that emails from @mspb.gov are not blocked by filters. *See* 5 C.F.R. § 1201.14(i)(2).

Further, even crediting the appellant's claims regarding his technical issues, the record reflects that on June 5, 2025, the appellant responded to the agency representative's email seeking his consent to an extension of time to file the agency's jurisdictional response, in which the agency representative informed the appellant that, pursuant to an order by the administrative judge, the appellant's jurisdictional submission was due on June 12, 2025. IAF, Tab 6 at 5-8. Therefore, as of June 5, 2025, the appellant was on notice not only of the fact that the administrative judge was issuing orders in this appeal, but also of the deadlines set forth by the administrative judge. Of note, the administrative judge did not issue the initial decision until July 18, 2025, i.e., approximately 6 weeks later. Thus, the appellant had ample time after the agency made him aware of the administrative judge's orders to review the case activity and respond to the administrative judge's orders prior to the issuance of the initial decision. He did not do so. Therefore, we find that his failure to respond to the administrative judge's orders demonstrates a lack of basic due diligence.

As noted, the appellant also argues that, as a pro se litigant, he did not understand the adjudicatory process, and he seems to assert that the agency representative should have been more helpful in assisting him through the process. Regarding the appellant's pro se status, the administrative judge's

acknowledgement order and jurisdictional order both clearly stated the appellant's obligations in prosecuting his appeal, and the show cause order clearly informed the appellant that his appeal would be dismissed if he did not respond to the order. IAF, Tabs 2-3, 9. Even assuming the appellant sincerely struggled to understand the administrative judge's orders, he nonetheless could have filed a statement explaining to the administrative judge his confusion and difficulty in understanding the adjudicatory process, but he did not so do. Regarding the agency's obligations to the appellant in the adjudication of the appeal, the appellant has cited no authority, and we are aware of none, requiring the agency to assist an opposing party in the litigation of his appeal. Ultimately, the appellant's pro se status does not relieve him of the responsibility to comply with clearly stated deadlines and the regulations governing e-filing, nor does it shift any procedural or adjudicatory burden to the agency. His assertions on review to the contrary are unavailing and provide no basis to disturb the initial decision.

Finally, as mentioned above, the appellant states that he has been dealing with a "personal family matter" since June 13, 2025. PFR File, Tab 1 at 8. By his own admission, this personal family matter did not begin until after he failed to respond to the administrative judge's order requiring his jurisdictional submission by June 12, 2025. IAF, Tab 3 at 1. Additionally, he does not provide any further information in his petition for review to support this claim, such as any details regarding the personal family matter or any explanation of how that situation prevented him from responding to the administrative judge's orders. PFR File, Tab 1. Without specific evidence demonstrating how these circumstances impacted his ability to participate in his own appeal, a vague reference to personal family matters cannot serve as a basis to disturb the initial decision.

The appellant's petition for review does not establish that the administrative judge abused his discretion in dismissing the appeal for failure to

prosecute, nor does it provide any other basis to disturb the initial decision. Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.